IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLOS ALBERTO ALVARADO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-07-11-F |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| Respondents ) | |

**REPORT AND RECOMMENDATION**

On January 3, 2007, Petitioner, appearing pro se, filed this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus, challenging his continued detention by the Immigration and Custody Enforcement ("ICE"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). On February 13, 2007, Respondents filed a motion to dismiss [Doc. No. 12], asserting that the petition should be dismissed as moot because Petitioner has been deported to Honduras. To date, Petitioner has not responded to the motion nor sought an extension of time in which to respond. For the reasons set forth herein, the undersigned recommends that the petition be dismissed as moot.

At the time he filed his petition, Petitioner was in custody of the ICE and detained at the Oklahoma County Detention Center in Oklahoma City, Oklahoma. Petitioner alleges that he is a native citizen of Honduras, and that he was ordered deported on May 3, 2006, apparently after being arrested for an unidentified offense. Petition at 4-5. Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner argues that his continued jail detention under 8 U.S.C. § 1231(a)(6) is a violation of the statutory authority granted to the ICE. Petition at 7. Petitioner further alleges that his detention violates his substantive

and procedural due process right under the Due Process Clause of the Fifth Amendment. Petition at 7-8. Petitioner requests that he be released from custody. Petition at 9. Respondents state that Petitioner was deported to Honduras on February 8, 2007, and contend the petition should be dismissed as moot because there is no longer a case or controversy before the Court. Respondents' Motion to Dismiss at 2. As evidence of Petitioner's deportation, Respondents have attached a Warrant of Removal/Deportation (Form I-205). Motion to Dismiss, Exhibit 2. Page two of the Form I-205 evidence the execution of the warrant. *Id.* The form contains a photograph of an individual identified as Petitioner, his signature and fingerprint, and also contains the signature of an immigration official witnessing Petitioner's departure on February 8, 2007. *Id.* Counsel for Respondents states that Petitioner's destination was Honduras. Motion to Dismiss at 2. As noted, Petitioner has not responded to the motion to dismiss and thus he has presented no argument that despite his deportation, his petition is not moot.[1]

"The writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody." 28 U.S.C. § 2241(c)(1). The "in custody" requirement is satisfied if the applicant was officially detained at the time the habeas application was filed. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002). If the petitioner is later released from custody, the pertinent question is whether the application continues to present the court with a case or controversy as required under Article III, § 2, of the Constitution. *Spencer*, 523 U.S. at 7.

---

[1]The undersigned notes that an order from the Court mailed to Petitioner at the Oklahoma County Detention Center was returned on February 5, 2007, as undeliverable. [Doc. No. 11].

The Constitution requires that for federal court jurisdiction a live case or controversy must be extant at all stages of the proceeding and it is "not enough that the dispute was alive when the suit was filed." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir.1996).  A case becomes moot if an event occurs during the pendency of an action that "makes it impossible for the court to grant "any effectual relief." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (internal quotations and citation omitted).

Petitioner's sole challenge in the present case is his prolonged detention in the Oklahoma County Detention Center while his deportation to Honduras is pending. Because Petitioner has now been deported, the relief he requests, release from ICE custody, is no longer available and cannot be redressed by a favorable judicial decision. Furthermore, Petitioner does not allege any of the exceptions to the mootness doctrine, so as to require that the Court undertake review of these exceptions. *See Riley*, 310 F.3d at 1256-57.  Accordingly, the undersigned recommends that Respondents' motion to dismiss be granted and that the petition be dismissed as  moot. *See Sule v. Immigration & Naturalization Serv.*, No. 98-1090, 1999 WL 668716 (10th Cir. Aug. 27, 1999) (unpublished) (petitioner's deportation to Nigeria rendered moot his § 2241 habeas petition challenging both the order of deportation and his INS detention). *See also Soliman v. United States*, 296 F.3d 1237, 1242-43  (11th Cir. 2002) (*per curiam*) (dismissing as moot an appeal of a § 2241 petition seeking relief from a lengthy detention pending removal because alien had been returned to his native country); *Quinones-Molinar v. United States Immigration and Naturalization Serv.*, No. 01-7731, 2002 WL

347786 (4th Cir. Mar 6, 2002) (*per curiam*) (same) (unpublished ); *Liu v. Ashcroft*, No. CIV. 02-088-P-C, 2002 WL 1587129 (D. Me. July 19, 2002) (dismissing § 2241 petition as moot where evidence indicated petitioner had been repatriated to China) (unpublished); *Gauchier v. Davis*, No. CIV.A.01-3710, 2002 WL 975434, at *2 (E.D. La. May 9, 2002) (finding habeas petition moot where petitioner had been deported to Haiti) (unpublished); *Malainak v. INS*, No. 3-01-CV- 1989-P, 2002 WL 220061, at *2 (N.D. Tex. Feb. 11, 2002) (finding challenge to continued detention rendered moot by petitioner's deportation) (unpublished).

## **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that Respondents' motion [Doc No. 12] be granted and that the petition for writ of habeas corpus be dismissed as moot. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by March 29, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 9th day of March, 2007.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE